# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHIREEN HORMOZDI, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| 360 DIGITAL MARKETING, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, SHIREEN HORMOZDI ("Plaintiff"), brings this action against Defendant, 360 DIGITAL MARKETING, LLC ("Defendant"), on behalf of herself and all others similarly situated, and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. This action arises out of Defendant's practice of sending autodialed text messages to individuals. Defendant's actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff is one such recipient of Defendant's spam text messaging. Defendant has sent text messages to Plaintiff's cellular telephone.

1

3. These text messages were sent without prior express written consent of the recipients.

4. All of these text messages were sent using an automatic telephone dialing system, and none of them were sent for an emergency purpose.

5. Accordingly, Plaintiff brings this TCPA action on behalf of Plaintiff and a proposed class of similarly situated individuals who received these text messages without express consent to receive such text messages.

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and its wrongful conduct was directed at this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was directed at this District, and because Plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Duluth, Gwinnett County, Georgia.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

11. Defendant is and at all times mentioned herein, was a Delaware limited liability company headquartered at 111 Wilshire Boulevard, Los Angeles, CA. Defendant conducts significant business in Georgia and nationwide.

12. Defendant is, and at all times mentioned herein, a "person," as defined by 47 U.S.C. § 153(10).

## FACTS

13. In September 2017, Defendant began using Plaintiff's cellular telephone for the purpose of sending Plaintiff unsolicited text messages, including text messages sent to and received by Plaintiff in or around September 2017.

14. On or around September 18, 2017, Plaintiff received a text message from Defendant that read:

> Become A NewYork Times Best Seller, Hire Expert Book Writers at 85% Off. Click here bookwriters.us to Activate Your Coupon Now. Reply STOPRM to STOP.

15. In an effort to get the text messages to stop, Plaintiff replied "Stop," which was the method provided in the text message to stop further messages.

16. In September 2017, Plaintiff received another text message from Defendant that read:

    > Infobip news & update alerts: You have been unsubscribed and will no longer receive messages/charges.

17. As of September 2017, Plaintiff did not provide Defendant or its agents with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18. Even if Defendant had Plaintiff's consent to contact Plaintiff on her cellular telephone, Plaintiff revoked any such authority when Plaintiff told Defendant to cease all further text communications.

19. Despite such revocation, Plaintiff received another text message from Defendant.

20. The text messages placed to Plaintiff's cellular telephone were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store numbers, or to produce telephone numbers to send text messages using a random or sequential number generator. This is evidenced by:

    a. The similar content and structure of the messages;

    b. That incoming messages are not monitored;

    c. That the number used to send the text messages does not accept incoming phone calls;

    d. That the messages can be stopped automatically via a "STOP" command; and

    e. That none of the messages were sent with human intervention.

21. The telephone number that Defendant, or its agent, sent text messages to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 227 (b)(1).

22. These text messages were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23. Accordingly, text messages were sent in violation of the TCPA, as the text messages were sent to Plaintiff's cellular telephone using an automatic telephone dialing without Plaintiff's prior written consent.

24. Plaintiff has suffered actual injury as a result of Defendant's text message, including:

    a. Devise storage;

    b. Data usage;

    c. Plan usage;

    d. Lost time tending to and responding to the unsolicited text message; and

e. Invasion of privacy.

## CLASS ALLEGATIONS

25. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States who received any unsolicited text message and/or any other unsolicited text message via an Automated Dialing System from Defendant or its agent/s and/or employee/s without prior express consent.

(the "Class")

26. Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families; and any claims for personal injury, wrongful death, and/or emotional distress.

27. The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

28. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

   a. The time period(s) during which Defendant sent its text messages;

   b. The telephone numbers to which Defendant sent its text messages; and

  c. The content of these text messages.

29. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

30. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

  a. Whether, within the four (4) years prior to the filing of this Complaint, Defendant placed any unsolicited text messages (other than a text message made for emergency purposes or made with the prior express consent of the texted party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone services;

  b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

  c. Whether Defendant took adequate steps to acquire and/or track consent;

  d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

  e. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical

of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted text messages and, due to the nature of text messages, the text messages at issue took up space on putative Class members' devices, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

34. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

37. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

38. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

39. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)(A)(III)

40. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

41. Defendant sent numerous text messages to Plaintiff and Class members on their cellular telephone numbers.

42. These text messages were all sent using an "automatic telephone dialing system."

43. The text messages were not sent for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

51. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

53. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

54. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: December 13, 2017      RESPECTFULLY SUBMITTED,

By: /s/ Charles M. Clapp_____
Charles M. Clapp
GA Bar No. 101089
5 Concourse Parkway NE
Suite 3000
Atlanta, Georgia 30328
Tel: 404.585.0040
Fax: 404.393.8893
charles@lawcmc.com
*Attorney for Plaintiff*